IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN E. WATERS, III, #457565 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-17-3025 |
| EASTERN CORRECTIONAL INSTITUTION ANNEX, and | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| | * | |
| Respondents | | |
| | *** | |

## **MEMORANDUM**

On October 13, 2017, John E. Waters, III filed the instant 28 U.S.C. § 2254 habeas corpus petition, attacking his conviction entered in the Circuit Court for Baltimore City. ECF No. 1.[1] Respondents argue that the Petition must be dismissed for failure to exhaust state remedies. ECF No. 4. Waters has not replied. For the reasons to follow, the Petition will be denied for failure to exhaust and dismissed without prejudice.

On July 6, 2017, Waters pleaded guilty in the Circuit Court for Baltimore City to armed robbery, unlawful use of a firearm, and impersonation of an officer. Waters was sentenced to a five-year term of imprisonment. ECF 4-1. Waters did not file an application for leave to appeal the entry of the plea and sentence. Waters moved for reconsideration of his sentence on August 4, 2017 which was denied on September 1, 2017; he then again moved for reconsideration of his sentence on September 19, 2017 which was denied on September 27, 2017. *Id*. Waters has not

---
[1] Citation is to this Court's electronic docket.

instituted state post-conviction proceedings. *Id*.; *see also Maryland Judiciary Case Search, State v. Waters*, Case Number 116253004, Circuit Court for Baltimore City.[2]

Before this Court may consider the merits of Waters' claims raised under 28 U.S.C. § 2254, Waters must first exhaust those claims in state court. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim after a guilty plea, exhaustion may be accomplished by applying for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202(4). However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

For claims which are not appropriate for relief on direct appeal, the petitioner must pursue state post-conviction proceedings. Md. Code Ann., Crim. Proc. § 7-102 *et seq*. The petition must be filed in the Circuit Court of the underlying conviction. If the petition is unsuccessful, the petitioner must then apply for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied,

---

[2] http://casesearch.courts.state.md.us/casesearch (last visited March 26, 2018).

the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra*.

Following exhaustion of his claims, Waters must also comply with the one-year limitations period for filing his petition in this Court. Waters is forewarned that the one-year filing deadline begins to run on the date that his conviction became final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for filing a federal habeas corpus petition continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period within which Waters must seek federal habeas corpus review. Given these constraints, the instant petition will be dismissed without prejudice to accord Waters adequate time to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Waters fails to meet this standard and a Certificate of Appealability shall not issue. A separate Order follows.

|  3/27/18  |  /S/  |
| --- | --- |
| Date | Paula Xinis |
|  | United States District Judge |